# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| M. SHAWN DOWDELL and | : | |
| SADEQUA SIMMONDS, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:04-CV-3697-JOF |
| | : | |
| MAGIC CITY, INC., doing business as | : | |
| Magic City; and EXTREME MEDIA | : | |
| ENTERTAINMENT, INC., | : | |
| doing business as Extreme Media, | : | |
| | : | |
| Defendants. | : | |

## OPINION AND ORDER

This matter is before the court on Defendant Extreme Media Entertainment, Inc.'s motion to dismiss for failure to prosecute [6-1] and motion to withdraw as counsel [13-1].

Plaintiffs, M. Shawn Dowdell and Sadequa Simmonds, filed suit against Defendants, Magic City, Inc., and Extreme Media Entertainment, Inc., on December 17, 2004. Simmonds, a professional model, and Dowdell a professional photographer, allege that Magic City, an adult dancing establishment, infringed Dowdell's copyright, invaded Simmonds' privacy, and defamed Simmonds, by using a photograph of Simmonds without authorization in a flyer advertising Magic City's 2003 Holiday Party. Extreme Media Entertainment, Inc., answered

Plaintiffs' complaint on March 9, 2005, and three months later filed the instant motion to dismiss pursuant to Rule 41(b) for failure to prosecute.

Defendant Extreme Media Entertainment, Inc., alleges that more than 120 days have passed since the filing of Plaintiffs' complaint, and Plaintiffs have proffered no evidence to show that Magic City, Inc., has been served. Defendant further asserts that Magic City has not answered Plaintiffs' complaint and is a necessary party. Defendant also reports that it has not been able to schedule a Rule 26(f) conference with Plaintiffs' counsel. Finally, Defendant avers that no action has been taken by Plaintiffs in six months and the court should dismiss their complaint pursuant to Local Rule 41.3A(3).

Plaintiffs respond and state that their complaint was served on Magic City, Inc., at its place of business because Magic City, Inc.'s registered agent had resigned. However, the current owners of Magic City did not own the establishment at the time of the alleged infringement, and Plaintiffs continue to try to locate representatives of Magic City, Inc. Plaintiffs' counsel states he has attempted to schedule the Rule 26(f) conference and has provided Plaintiffs' initial disclosures.

As an initial matter, the court finds that the status of Magic City, Inc., is irrelevant to Defendant Extreme Media Entertainment, Inc.'s motion to dismiss for failure to prosecute. Other than its conclusory statement that Magic City, Inc., is a necessary party, Extreme Media Entertainment, Inc., has not provided any argument to show why the litigation cannot proceed in the absence of Magic City, Inc.

2

As the parties have noted, dismissal for failure to prosecute under Rule 41(b) is to be used only as a last resort where there is a "clear record of delay and willful contempt and a finding that lesser sanctions would not suffice." *See, e.g., Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).   The court finds that the circumstances presented here do not warrant dismissal for failure to prosecute and DENIES Defendant's motion to dismiss [6-1].

The court also GRANTS John Roberts and Melanie Annette Webre's motion to withdraw as counsel for Defendant Extreme Media Entertainment, Inc. [13-1].   The court notes, however, that corporations must be represented by counsel.   *See* LR 83.1E(2)(b)(I). Defendant Extreme Media Entertainment, Inc., has twenty days in which to notify the court of the appointment of another attorney.   Failure to do so may result in default being entered against Defendant.

The court notes that Plaintiffs' complaint was filed on December 17, 2004, and Defendant Extreme Media Entertainment, Inc., answered Plaintiffs' complaint on March 9, 2005.   Therefore, discovery closed on August 8, 2005.   Accordingly, the court DIRECTS the parties to file motions for summary judgment or a consolidated pretrial order within thirty (30) days from the date of this order.

**IT IS SO ORDERED** this 5th day of January 2006.


       s/ J. Owen Forrester
       J. OWEN FORRESTER
     SENIOR UNITED STATES DISTRICT JUDGE

3